```
            IN THE UNITED STATES DISTRICT COURT FOR THE
                   EASTERN DISTRICT OF ARKANSAS
                         WESTERN DIVISION

BARRY J. JEWELL,                  )
                                  )
          Plaintiff,              )
                                  )
     v.                           )       No. 4:06-cv-684-RSW
                                  )
UNITED STATES OF AMERICA,         )
                                  )
          Defendant.              )
```

**Memorandum Opinion and Order**

The United States has moved to dismiss Plaintiff Barry Jewell's complaint under Fed. R. Civ. P. 12(b)(6). It argues that Jewell lacks standing as a shareholder and that the Internal Revenue Service ("IRS") closing agreement is final (doc. #4). Jewell opposes, arguing he has standing because he suffered a direct injury and that the closing agreement may be set aside because of fraud, malfeasance, or misrepresentation of a material fact on the part of two IRS agents (doc. #6). The Court concludes that Jewell has suffered a direct harm and that sufficient facts have been pled for fraud, malfeasance, or misrepresentation of a material fact to survive a motion under Rule 12(b)(6). The United States' Motion to Dismiss is **DENIED**.

**I.   Facts**

For a motion under Rule 12(b)(6), the Court assumes the facts of the complaint are true. Koehler v. Brody, 483 F.3d 590, 596 (8th Cir. 2007). Jewell was a shareholder in the law firm of Jewell, Moser, Fletcher & Hollman, P.A. ("JMFH"). JMFH was the

1

sponsor of four prototype plan documents ("the prototype plans"), which it provided to its clients. After the GUST legislation from 1994 to 2000, JMFH was required to amend the prototype plans. The IRS informed plan sponsors that amendments needed to be made by February 28, 2002, or the last day of the first plan year beginning on or after January 1, 2001, which ever occurred last. JMFH submitted its amended prototype plans on February 5, 2002. The IRS requested corrections on July 25, 2002. Jewell alleges the corrections were de minimis and not substantive. According to Jewell, he made the corrections on July 26, the same day JMFH stopped conducting regular business and was dissolved (doc. # 16). The IRS responded with additional questions on October 4, 2002. Jewell contends he made those corrections on October 7. On October 9, the IRS issued opinion letters, approving the prototype plans.

Prior to October 9, JMFH began submitting individual client plans for approval. Two IRS agents, Lori Kay and Rick Parker, contacted JMFH's shareholders and informed them they were "late amenders" because of some alleged deficiencies in the individual client plans and would owe a penalty. Jewell contested the allegation, but two of JMFH's shareholders, Keith Moser and Scott Fletcher, negotiated a closing agreement ("the agreement") with the IRS under 26 U.S.C. § 7121. Under the agreement, JMFH would pay a penalty of $26,800 to resolve the issue. According to Jewell, Kay and Parker threatened that if Jewell removed his clients from consideration under the agreement and did not pay

2

his share of the agreement, the IRS would not enter into the agreement with the dissolved JMFH, Jewell could face lawsuits from Moser's and Fletcher's clients, and the IRS would audit all of Jewell's clients.  Jewell contends he had no choice but to pay his portion.  Moser and Fletcher executed the agreement on behalf of JMFH.  Jewell did not sign the agreement.  The penalty was paid with three certified checks, with Moser & Associates paying $8,933.34, Fletcher Law Firm P.A. paying $8,933.33, and Jewell paying $8,933.33.  In the cover letter that Jewell attached to his check and sent to Moser, Jewell stated he paid the penalty under protest (doc. #1, exh. A-17).

After the penalty was paid, Jewell brought this refund suit for $8,933.33 in his individual capacity.  The IRS filed a motion to dismiss, arguing that Jewell lacks standing as a shareholder and that the agreement is final (doc. #4).  Jewell opposed, arguing he has standing because he suffered a direct injury, separate from JMFH, and that the agreement may be set aside because of fraud, malfeasance, or misrepresentation of a material fact on the part of Kay and Parker (doc. #6).

**II.  Discussion**

    a.  Standard of Review

The Court takes all facts pled in the complaint as true. Koehler, 483 F.3d at 596.  The motion can be granted only when the plaintiff can prove no set of facts that would entitle him to relief.  Id.

b.  Standing

The United States argues Jewell cannot individually bring this claim because a shareholder of a dissolved corporation cannot sue on the corporation's behalf.  Jewell responds that he has standing because he has incurred a direct harm.

Generally, because a corporation is an individual entity, any harm to the corporation creating a cause of action belongs to the corporation, and a shareholder cannot sue on the corporation's behalf unless framed as a derivative suit.  <u>Golden Tee, Inc. v. Venture Golf Sch., Inc.</u>, 969 S.W.2d 625, 629 (Ark. 1998) (citing <u>Hames v. Cravens</u>, 966 S.W.2d 244, 246 (Ark. 1998)). This is also true for dissolved corporations because under Arkansas law, a dissolved corporation retains the power to sue. Ark. Code. Ann. § 1104(b)(4)-(5) (2007).  This power continues until the corporate assets are distributed to the shareholders. <u>In re Russell</u>, 123 B.R. 48, 51 (Bkrtcy. W.D. Ark. 1990). However, the shareholder may sue individually if the shareholder has incurred a direct harm separate and distinct from the corporation.  <u>Golden Tee, Inc.</u>, 969 S.W.2d at 629.  "The real distinction between a derivative and an individual action is whether it is the corporation that has been injured by the action complained of or whether it is only the individual shareholder who has suffered harm."  <u>Brandon v. Brandon Const. Co. Inc.</u>, 776 S.W.2d 349, 352 (Ark. 1989).

In this case, the dispute was between the IRS and JMFH surrounding JMFH's prototype plans. This would suggest that the harm was directed toward JMFH. However, JMFH was dissolved at the time of the closing agreement. Although not judicially distributed, the shareholders were taking possession of JMFH's assets (doc. # 16, ¶¶ 7-23). Jewell contributed his own funds to cover his portion of the penalty. No evidence has been presented that Jewell was reimbursed from any of JMFH's assets. Therefore, a de facto distribution had occurred and Jewell incurred a direct harm. Under Arkansas law, he has standing to sue individually.

    c.   Finality of Closing Agreement

The United States also argues the agreement is final and may not be undone. It contends any errors the IRS agents committed were mistakes of law or fact that do not allow for the reopening of the agreement. Jewell argues, however, that the actions of Kay and Parker constitute fraud, malfeasance, or misrepresentation of a material fact, and thus, the agreement may be reopened.

The Internal Revenue Code allows for the IRS to settle disputes with taxpayers through closing agreements. 26 U.S.C. §7121(a) (2007). Closing agreements are the final resolution of the dispute, and may be reopened only in certain cases of fraud, malfeasance, or misrepresentation of a material fact:

> (b) Finality.--If such agreement is approved by the Secretary (within such time as may be stated in such agreement, or later agreed to) such agreement shall be final and conclusive, and, except upon a

5

>           showing of fraud or malfeasance, or
>           misrepresentation of a material fact--
>           (1)  the case shall not be reopened as to the
>                matters agreed upon or the agreement modified
>                by any officer, employee, or agent of the
>                United States, and
>           (2)  in any suit, action, or proceeding, such
>                agreement, or any determination, assessment,
>                collection, payment, abatement, refund, or
>                credit made in accordance therewith, shall
>                not be annulled, modified, set aside, or
>                disregarded.

Id. § 7121(b).  In cases of misrepresentation of a material fact, the misrepresentation must go to "the essence of the agreement." In re Miller, 174 B.R. 791, 796 (B.A.P. 9th Cir. 1994).  Mistakes of fact or law, no matter if unilateral, mutual, or how material, are insufficient to establish a misrepresentation.  Id. at 797 (citing Andrews v. United States, 805 F. Supp. 126, 130 (W.D.N.Y.1992)).

Jewell has pled sufficient facts to reopen the closing agreement.  He contends that Kay and Parker alleged JMFH was a late amender.  Whether JMFH was late in amending the prototype plans is the core of the dispute and, therefore, goes to the essence of the agreement.  If Kay's and Parker's representations are incorrect, Jewell will prevail.

Even if the agents' alleged misrepresentation is only a mistake of law or fact, the agreement may still be reopened because of malfeasance.  The agents threatened to pull out of the agreement with JMFH if Jewell did not join his clients in the agreement.  The result of this could have been Moser's and Fletcher's clients suing Jewell.  Furthermore, Jewell has alleged

6

that Kay and Parker threatened to audit all of Jewell's clients. As an attorney, Jewell had a professional responsibility to protect his clients' best interests.  Therefore, Jewell had no choice but to front his own money to pay the penalty in hopes that he could challenge the penalty in a refund suit.  To say that the agreement cannot be reopened when the IRS forced him to agree and pay the penalty would be improper.  Therefore, the United States' argument fails.

### III. Conclusion

Jewell has standing to sue because he provided his own assets to pay the penalty and incurred a direct harm. Furthermore, the closing agreement may be reopened because Jewell has pled sufficient facts to create a question of whether the IRS's conduct was proper.  Therefore, the United States' Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED.**

Dated this 24th day of July, 2007.

*/s/ Rodney S. Webb*
RODNEY S. WEBB  District Judge
United States District Court